ce: HG

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 27 2015

at 12 o'clock and 30 min. P M
SUE BEITIA, CLERK

C. KAUI JOCHANAN AMSTERDAM
1415 PENSACOLA St., # 12
HONOLULU, HAWAII  96822
808-450-1166
shaloha1@yahoo.com
PRO SE

NA'I AUPUNI FD., KUHIO ASAM,
PRES., PAULINE NAMUO, VP.,
KEALOHA BALLESTEROS, SEC./
TREA., GERRY MIYAMOTO, SE-
LENA L SCHUELKE
808-521-5391

CV15-00447 JMSBMK

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

C. KAUI JOCHANAN AMSTERDAM
1415 PENSACOLA St., # 12
HONOLULU, HAWAII  96822
808-450-1166

PLAINTIFF


VS.


NA'I AUPUNI FD.  KUHIO ASAM, PRESIDENT,
PAULINE NAMU'O, V. PRESIDENT, KEALO-
HA BALLESTEROS, SEC./TREASURER, GER-
RY MIYAMOTO, SELENA L. SCHUELKE


DEFENDANTS

PLAINTIFF'S COMPLAINT
REGARDING THE HOLDING
OF ELECTIONS FOR DELE-
GATES TO THE CONSTITU-
TIONAL CONVENTION
OCTOBER 27, 2015
CERTIFICATE OF SERVICE/
COMPLAINT

## PLAINTIFF'S  COMPLAINT


1.        INTRODUCTION

Plaintiff C. Kaui Jochanan Amsterdam, a Native Hawaiian or Kanaka Maoli

Beneficiary of the Native Hawaiian Trust Fund established by the Hawaii Admission Act

of 1959 as enacted by the U.S. Congress, descendant of a full-blooded, Native Hawaiian,

Alii Kalakauaehu line, former Prime Minister of The Interim Government of the Kingdom

of Hawaii, Member of the Neighborhood Board # 10 serving and representing Native Hawaiians, needs and interests in Lower Punchbowl, which includes that area of the Papakolea Hawaiian Homestead, respectfully comes before the Honorable United States District Court for the District of Hawaii and presents a Complaint that the Defendants have violated the Plaintiff's and other Native Hawaiian's, which include those of the Papakolea Hawaiian Homestead, participation and voting rights in violation of the Rights of Equal Protection provided in the Fourteenth and Fifteenth Amendments of the U.S. Constitution and Free Speech as provided for in the First Amendment of the U.S. Constitution.

The Defendants are advancing a Constitutional Convention currently to determine a governing entity for the Native Hawaiian People. These Defendants represent the State of Hawaii, Agency(ies), Offices, and Organization(s) such as Na'i Aupuni and also are acting in association with Act 195 approved by Governor Neil Abercrombie of the State of Hawaii on July 6, 2011. While Defendant's actions to advance a Constitutional Convention to determine a governing entity for Native Hawaiians may appear to be worthwhile, such action must still be fair and just and not violate the right of Native Hawaiians to participate and vote. Such fairness and justice must not be disregarded for the sake of efficiency in advancing the schedule, procedures, and process of the Constitutional Convention. Such disregard is a primary

2

and serious reason for this Complaint. Since it's a Constitutional Convention, fairness

and justice must be adhered to. Accordingly, the Plaintiff's claims as violative of

such obligations of fairness and justice the actions of the Defendants in advancing

the Elections for Candidate Delegates and the Constitutional Convention and asks

the Federal Court to enjoin and correct the actions of the Defendants of preventing

the Plaintiff and other Native Hawaiians from being able to be a Candidate Delegate

and extending the time to enable their being a Candidate Delegate in the Election.

2.      BACKGROUND

First, the Defendants violated the Plaintiff's and other Native Hawaiian's

Equal Right to be a candidate to be elected a Delegate (Candidate Delegate) to the

Constitutional Convention. Such violation violates the Right to Equal Protection

as provided by the Fourteenth Amendment to the U.S. Constitution.

The Defendants  used the following schedule for Election and the Con-

stitutional Convention: (1) August 3, 2015: A notice was sent to certified voters ex-

plaining the apportionment of delegates and voting process. Applications will be

available for delegate candidates, (2) Mid September 2015: Deadline to file as a

delegate candidate, (3) End of September 2015: list of qualified delegates announced,

(5) Oct. 15, 2015: voter Registration by the Hawaiian Roll Commission closes, (6)

Nov. 1, 2015: Ballots will be sent out to voters certified by the Roll Commission as of

10/15/15, (7) Early Nov., 2015: voting begins, (8) Nov. 30, 2015: voting ends, (9) Day

after voting ends: election results announced publicly, (10) Between Feb. and Apr. 2016

Aha (Convention) held on Oahu over the course of 8 consecutive weeks (40 work days,

Monday through Friday), (11) Two months after Aha concludes: If delegates recommend

a form of Hawaiian government, a ratification vote may be held.

In assessing the previous schedule, one can see that on August 3, 2015, certified

voters were provided information on how to file as a delegate candidate in the voting

process and the deadline to file as a delegate candidate was on mid September 2015.

Additionally, voter registration closed on October 15, 2015. Accordingly, those regi-

stered voters, who, according to a Roll representative,  were notified through the U.S.

mail and e-mail, between August 3, 2015 to Mid September 2015, were allowed to be

a candidate and run to be elected a Delegate (Delegate Candidate) and to determine

the governing entity  for the Native Hawaiian People. But, those registered voters

from Mid September to the close of voter registration were completely disregarded

repudiated, slighted, denied the equal right to be a Delegate Candidate,  and their

participating and voting rights and Right to Equal Protection were violated of which

the Plaintiff  and other Native Hawaiians are a part of and negatively impacted and

injured.

Third, for such injury, the Plaintiff asks the Court as a Remedy or with Injunctive

Relief simply  to extend the period to apply or file as a Candidate to be in the Election

4

to be a Delegate (Delegate Candidate) with the possibility to determine a governing

entity for our Native Hawaiian People. Such a Remedy would correct the violation

of the Plaintiff's and other Native Hawaiian's Right to Equal Protection and make it

possible for greater participation of our Native Hawaiian People who otherwise will

be disregarded, slighted, and left out of an important process that will greatly impact

their lives. Not harming or terminating the Convention, such a Remedy would be

more in the Public Interest than for the desire for efficiency and meeting a schedule,

which according to the website or Na'i Aupuni, can be subject to change.

      Fourth, because Delegates to the Constitutional Convention have the impor-

tant responsibility of determining a governing entity for our Native Hawaiian people,

the right to speak and be heard is central to the Convention. Because such a right is

being violated by preventing the Plaintiff and other Native Hawaiians, who are regi-

stered voters, from having the equal right as other registered voters, the Right to

Free Speech as provided in the First Amendment of the U.S. Constitution is being

violated. The U.S. Court of Appeals held that all citizens have an interest in voting

in elections that select officials who will make policy choices that will affect them

(see ID., citing Rice, 528 U.S. at 23). Accordingly, the Plaintiff and other Native

as previously clarified are being denied their right to be the policy maker in such

an important matter impacting the lives of the Plaintiff and other Native Hawaiians.

Being prevented from ultimately being able to freely speak as a delegate and determine a governing entity at the Convention places severe burdens and injury on the Plaintiff and other Native Hawaiians and is a severe issue as demonstrated in the cases on point of R.A.V. v. St. Paul, 505 U.S. 377, 382 (1992), Angle v. Miller, 673 F. 3d 1122, 1127-28, 1132 (9th Cir. 2012), Idaho Coalition United For Bears v. Cenarrusa, 342 F. 3d 1073, 1076 (9th Cir. 2003). Having actively participated and continuing to serve to advance Native Hawaiian self-determina-nation as seen in the Exhibit herein, the Plaintiff has a great contribution to determine a governing entity for our Native Hawaiian People, but is being denied the Right to speak and make such a contribution.

Fifth, in seeking to file after mid September and before October 15, 2015 as a Candidate to be a Delegate (Delegate Candidate) in the Constitutional Convention, the Plaintiff was told by an Na'i Aupuni representative that it was too late and he could not file to be a Delegate in the Constitutional Convention to determine the governing entity for our Native Hawaiian People. The Plaintiff and other Native Hawaiians in such a situation suffer and will suffer irreparable harm in the absence of relief because the constitutional rights previously presented and violated is at the heart of a democratic society and restrictions on such rights strike at the heart of representative government. The deprivation of such constitutional rights, even for a brief

brief period of time, amounts to irreparable injury as seen by the cases on

point of Elrod, 427 U.S. at 373. As the Ninth Circuit Court has said "an al-

leged constitutional infringement will often alone constitute irreparable harm".

(see Klein v. City of San Clemnete, 584. F. 3d 1196, 1207-08 (9th Cir. 2009).

Likewise, the resulting governing entity determined by the Delegates will be

a permanent outcome and can be an irreparable injury and loss with the Plaintiff

and other Native Hawaiians having no say with such a permanent injury or loss.

Six, the Federal Court has jurisdiction in this case inasmuch as the Plaintiff

and other Native Hawaiians have experienced a violation of Constitutional Rights

of Free Speech as protected by the First Amendment of the U.S. Constitution,

Equal Protection as protected by the Fourteenth Amendment of the U.S. Constitu-

Tion, and Voting Rights as provided for in Eleventh Amendment of the U.S. Con-

Stitution. Motions also made pursuant to local Rule 10.2(g), Fed. R. Civ. Pro 65,

and 42 U.S.C. S. 1983 and support from case on point of City of Los Angeles v.

Lyons, 41 U.S. 95 (1983).

3.          CONCLUSION

Therefore, with God's Grace, the Plaintiff, C. Kaui Jochanan Amster-

dam, respectfully comes before the Honorable Federal Court and presents a Com-

plaint.

The Complaint presents that (1) the Plaintiff and other Native Hawaiians,

which include the Native Hawaiians of the Papakolea Hawaiian Homestead, have been

and will be irreparable injured by the actions of the Defendants, who have unfairly denied

the Plaintiff and other Native Hawaiians the Right to be Delegates to the Constitutional

Convention and determine the greatly important outcome of a governing entity for our

Native Hawaiian People. (2) Ironically, the Defendants have denied the Plaintiff and

other Native Hawaiians the Rights of Equal Protection provided by the Fourteenth Amen-

dment of the U.S. Constitution, Free Speech as provided by the First Amendment of the

U.S. Constitution, Voting Rights as provided by the Fifteenth Amendment of the U.S.

Constitution and the Civil Rights Act of 1965.  (3) The Plaintiff requests a Remedy of

Relief by extending the time period for registered voters to file as a Candidate to be

a Delegate (Delegate Candidate) to the Constitutional Convention to determine a

governing entity for the Native Hawaiian People. (4) It is in the Public Interest to

be Fair and Just and abide by such principles and uphold Constitutional Rights inas-

much as the event of  a Constitutional Convention. (5) An Immediate Temporary

Injunction is requested and necessary because Elections for Delegates commences

November 1, 2015, the Plaintiff has suffered personally by being told by an Na'i

Representative he couldn't run for election, thereby being excluded with his Con-

stitutional Rights violated,  being personally injured  and thereafter experiencing

ongoing, recurring irreparable injury amidst the Elections and subsequent deter-

mination of a governing entity from which he and other Native Hawaiians are

excluded. (6) Remedy for the injury is extending the period of time for Candidates

to register to be listed in the Election to be a Delegate to the Convention having the

Equal Rights provided others to determine the governing entity our Native Hawaiian

People. With such unfairness our Native Hawaiian People will feel a bitterness for

such injustice and  and exclusion perpetrated on them instead of having a genuine

feeling of being a part of what's going on; also remembering that they were excluded

from being notified through the mail and e-mail of the schedule, deadlines, and pro-

cedures to follow to be in the Election to be a Delegate as others were provided.

It is in the Public Interest of Native Hawaiians to use Malama or Caring for parti-

cipation in the Constitutional Conference, Hoihi or  Respect for Native Hawaiian

Rights of Fairness and Justice, Lokomaika'i or Generosity in providing benefits

and treatment, Ho'omanawanui or Patience and not rushing or ramroding for the

sake of efficiency, Pono or to do what is Right rather than strictly for expediency,

and Aloha or Love and Compassion.

Thus, the Plaintiff respectfully presents his Complaint  regarding the

Election of Delegates for the Aha or Native Hawaiian Constitutional Conven-

tion coordinated by Na'i Aupuni or the Na'I Aupuni Foundation to determine

a governing entity for Native Hawaiians. The Plaintiff expresses appreciation

for important and urgent consideration, acknowledges the Court's jurisdiction

in this matter as also elaborated upon herein and expresses appreciation to the

Honorable Court and Ke Akua.

Dated: Honolulu, Hawaii, _____October 27, 2015_____

C. Kaui Jochanan Amsterdam
PLAINTIFF
PRO SE