IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM, <br><br> Plaintiff, <br><br> vs. <br><br> NAI AUPUNI FOUNDATION, ET AL., <br><br> Defendants. <br> _____ | ) CIVIL NO. 15-00447 JMS-BMK <br> ) <br> ) ORDER DENYING PLAINTIFF'S <br> ) MOTION FOR TEMPORARY <br> ) RESTRAINING ORDER, DOC. NO. <br> ) 2 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, DOC. NO. 2

### I.  INTRODUCTION

Before the court is *pro se* Plaintiff C. Kaui Jochanan Amsterdam's ("Plaintiff") Motion for an Immediate Temporary Injunction, filed on October 27, 2015, which the court considers to be a Motion for Temporary Restraining Order ("Motion for TRO").  Doc. No. 2.  Plaintiff's Motion for TRO seeks an order that:

> the Defendants be temporarily restrained or cease and desist in the advancement of what is "an election of Delegates from Candidates to a Constitutional Convention or Aha administered or organized by an entity or organization called Nai Aupuni."

Doc. No. 2, Motion for TRO at 2.

Based on the following, the Motion for TRO is DENIED.

## II. BACKGROUND

Plaintiff's Complaint alleges federal jurisdiction based on 42 U.S.C. § 1983 and the Voting Rights Act of 1965. Doc. No. 1, Compl. at 7. The court construes the Complaint liberally in favor of the *pro se* Plaintiff. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). So construed, it appears that Plaintiff alleges that he has been denied the opportunity to run as a delegate in Nai Aupuni's upcoming election for a Native Hawaiian convention. Specifically, he alleges that "those registered voters from Mid September to the close of voter registration were completely disregarded, repudiated, slighted, [and] denied the equal [protection] right to be a Delegate Candidate[.]" Doc. No. 1, Compl. at 4. Thus, he appears to allege violations of the First, Fourteenth, and Fifteenth Amendments of the United States Constitution, as well as the Voting Rights Act of 1965, because by the time he registered to vote in Nai Aupuni's election, it was too late to be listed as a delegate on the ballot.

Pursuant to Local Rule 7.2(d), the court finds the Motion for TRO suitable for disposition without an oral hearing.

## III. STANDARD OF REVIEW

A court may issue a TRO without written or oral notice to the adverse

2

party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Even if such notice is provided, a TRO may issue only if Plaintiffs meet their burden under well-established factors.  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an extraordinary and drastic remedy never awarded as of right.  *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (citations omitted).  A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasizes that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## IV.  DISCUSSION

Plaintiff fails to meet the requirements for granting a TRO without notice. First, Plaintiff has not demonstrated compliance with the requirements of Federal Rules of Civil Procedure 65(b)(1)(A) & (B). As to the first requirement, Plaintiff did not provide any specific *facts* establishing that "immediate and irreparable injury, loss, or damage will result" to him. Plaintiff's Declaration, Doc. No. 4, was not certified under 28 U.S.C. § 1746 under penalty of perjury; and, in any event, does not recite specific facts that establish an immediate loss. Moreover, the Complaint was not verified. *See* Fed. R. Civ. P. 65(b)(1)(A) (requiring "specific facts in an affidavit or a verified complaint"). As to the

second requirement, there is no evidence that the Complaint and Motion for TRO were served on the Defendants, let alone that Plaintiff "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Even if the Defendants had sufficient notice, Plaintiff's Motion for TRO fails to establish all the *Winter* standards. At a minimum, Plaintiff falls well short of establishing that he is likely to succeed on the merits. Plaintiff has therefore failed to carry his burden on the Motion for TRO.

In *Akina v. State of Hawaii*, Civ. No. 15-00322 JMS-BMK, this court recently ruled that the Nai Aupuni election (the same election at issue in this case) is a private election not subject to the Fifteenth Amendment or the Voting Rights Act, and that the election itself does not constitute state action, such that neither the First or Fourteenth Amendments apply to the election. *See* Civ. No. 15-00322 JMS-BMK (D. Haw. Oct. 29, 2015), Doc. No. 114, Order Denying Plaintiffs' Motion for Preliminary Injunction, at 36-46, 46-47. The court reaffirms its ruling in *Akina*. As a result, Plaintiff cannot show a constitutional violation, and thus cannot show a likelihood of success on the merits.

And because Plaintiff has not demonstrated that he is likely to succeed, he necessarily cannot obtain a TRO -- *Winter* requires all four elements

5

(likelihood of success, likelihood of irreparable harm, a favorable balance of equities, and demonstrating that an *injunction* is in the public interest). *Winter*, 555 U.S. at 20. "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three *Winter* elements." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citations and internal editorial marks omitted).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 29, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Amsterdam v. Nai Aupuni et al.*, Civ. No. 15-00447 JMS-BMK, Order Denying Motion for Temporary Restraining Order, Doc. No. 2