JMS ORIGINAL

C.KAUI JOCHANAN AMSTERDAM
1415 PENSACOLA St., # 12
HONOLULU, HAWAII 96822
808-450-1166
shaloha1@yahoo.com
PRO SE

NA'I AUPUNI FOUNDATION
KUHIO ASAM, PRES., PAULINE NAMUO, VP., KEALOHA BAL LESTEROS, SEC., TREA., GERRY MIYAMOTO, SELENA L. SCHUELKE
808-521-5391

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
DEC 0 8 2015
at ____ o'clock and ____ min. ___M
SUE BEITIA, CLERK

---

C. KAUI JOCHANAN AMSTERDAM

VS.

NA'I AUPUNI FD, KUHIO ASAM, PRESIDENT, PAULINE NAMU'O, V. PRESIDENT, KEALOHA BALLESTEROS, SEC./TREASURER, GERRY MIYAMOTO, SELENA L. SCHUELKE

DEFENDANTS

CIVIL NO. 15-00447 JMS-BMK

PLAINTIFF'S AMENDED COMPLAINT OF OCTOBER 27, 2015
CERTIFICATE OF SERVICE
FILED DECEMBER 8, 2015

---

PLAINTIFF'S AMENDED COMPLAINT OF OCTOBER 27, 2015

1.  INTRODUCTION

1. With God's Grace, the Plaintiff, C. Kaui Jochanan Amsterdam, a Beneficiary of the Native Hawaiian Trust Fund, descendant of a full-blooded, Alii Kalakauaehu line, and a Member of the Neighborhood Board # 10 serving to meet the needs and

interests of Native Hawaiians in Lower Punchbowl, which includes the area of the Papakolea Hawaiian Homestead, respectfully comes before the Honorable United States District Court for the District of Hawaii in Honolulu being venue and presents an Amended Complaint of October 27, 2015. The Plaintiff presents this Amended Complaint in order to present current, pertinent, important knowledge presented in his Complaint of October 27, 2015, jurisdiction under Title 42 U.S.C. Statute 1985(3), current action of Na'i Aupuni and current action of the Supreme Court of the United States.

2.                 BACKGROUND

2. First, the Defendants, who are officers in Na'i Aupuni, an organization organizing and running the Convention, are admirably advancing a Native Hawaiian Constitutional Convention currently to determine a governing entity for the Native Hawaiian People. In the process of advancing the Convention, the Defendants excluded the Plaintiff and other Native Hawaiians from exercising the right to speak, sufficiently vote, and participate as Delegate Candidates in the Convention. Non-Hawaiians and their Civil Rights were excluded.

3. The Defendants used the following schedule for Election and the Constitutional Convention: (1) August 3, 2015: A notice was sent to certified voters explaining the apportionment of delegates and the voting process. Applications

will for be available for Delegate Candidates, (2) Mid September 2015: Deadline to File as a Delegate Candidate, (3) End of September 2015: list of qualified Delegates announced, (5) Oct. 15, 2015: voter Registration by the Hawaiian Roll Commission closes, (6) Nov. 1, 2015: Ballots will be sen5t out to voters certified by the Roll Commission as of 10/15/2015, (7) Early Nov., 2015: voting begins, (8) Nov. 30, 20155- voting ends, (9) Day after voting ends: election results announced publicly, (10) Between Feb. and Apr. 2016 Aha (Convention) held on Oahu over the course of 8 consecutive weeks (40 work days, Monday through Friday), (11) Two months after Aha concludes: If Delegates recommend a form of Hawaiian government, a ratification vote may be held.

4. In assessing the previous schedule, one can see that on August 3, 2015, certified voters were provided information on how to file as a Delegate Candidate in the voting process and the deadline to file as a Delegate Candidate was mid-September 2015. Accordingly, those registered voters, who, according to a Roll Representative, were notified through the U.S. mail and e-mail, between August 3, 2015 to Mid September 2015, were allowed to be a candidate and run to be elected a Delegate Candidate and to determine the governing entity for the Native Hawaiian People. But, there are Native Hawaiians who were exclude or left

3

out. Those Native Hawaiians, which include the Plaintiff and other Native Hawaiians, who were registered voters from Mid September to the close of voter registration were completely disregarded, repudiated, and denied the equal right to be a Delegate Candidate, thereby speak freely regarding determination as a Delegate Candidate to select, and vote for a governing entity. Such a denial is a violation in such a situation of the Plaintiff and other Native Hawaiians Civil Rights of Equal Protection provided by the Fourteenth Amendment of the U.S. Constitution, of Free Speech provided by the First Amendment to the U.S. Constitution, of due process provided by the Fifth Ammendment to the U.S. Constitution, and of voting provided by the Fifteenth Amendment of the U.S. Constitution and all under Title 42 U.S.C. Statute 1985(3), which provides Jurisdiction in The United States District Court For The District Of Hawaii and Venue in Honolulu, Hawaii.

   5. Second, the nature or manor of the unlawful or violative conduct of the Defendants, according to the Statute, is previously described in terms of the "purpose or cause of action of depriving , either directly or indirectly, any person such as the Plaintiff and other Native Hawaiians of Equal Protection of the Laws, or of Equal Privileges and Immunities under the Law." Title 42 U.S.C. Statute 1985(3) is a remedial Statute that was

4

Constitutional on its face and that reaches conduct of private organizations such as Na'i Aupuni that deprive citizens of Civil Rights as exemplified in cases on point of Griffin v. Breckenridge, 403 U.S. 104 (1971) and Murphy v. Mount Carmel High School, 543 F. 2d 1189, 1194 (7th Cir. 1976). Accordingly, Title 42 U.S.C. Statute 1985(3) permits an aggrieved citizen as the Plaintiff and other Native Hawaiians to sue a private entity such as Na'i Aupuni/ Defendants who appear not to operate under the color of State Law and who have used conduct to deprive the citizen/ Plaintiff and other Native Hawaiians of Constitutional Rights, which have been previously described. Title 42 U.S.C. Statute 198(3) does not require State Action or Invovement. Although it does not require State Action, Statute 1985(3) is shown by the Plaintiff in his case to involve State Action or Involvement pertaining to the Defendants.

6. Third, Title 42 U.S.C. Statute 1985(3) also provides a Remedy against conduct of a private organization as Na'i Aupuni that violates Constitutional Rights as previously described involving Na'i Aupuni/ Defendants if an element of State involvement is present to trigger Constitutional Rights violation(s). Such State involvement need not necessarily be at a level that would constitute State Action for other

5

Fourteenth Amendment, etc. litigation purposes, such as a suit filed under Title 42 U.S.C. Statute 1983. In the Plaintiff's case, there is a group of individuals, who are officials/ Defendants in Na'i Aupuni. The First, Fifth, Fourteenth, and Fifteenth Amendments, which are all Civil Rights of the Plaintiff and other Native Hawaiians being violated, protect the Right of the Plaintiff and other Native Hawaiians to participate in the Election and to be a Delegate Candidate in the Constitutional Convention. The State also is involved in the creation of the Civil Rights that are being infringed. The State is involved in having advanced Act 195 approved by Governor Neil Abercrombie of the State of Hawaii on July 6, 2011 to advance a Governing Entity for the Native Hawaiian People. The Office of Hawaiian Affairs, a State Agency, gave 2.5 million dollars to Na'i Aupuni to establish a Governing Entity through the Native Hawaiian Constitutional Convention. Accordingly, the State of Hawaii is involved in creating the Rights, which Na'i Aupuni are violating and turning into an infringement situation, which is a Title 42 U.S.C. Statute 1985(3) violation and which Section 1985(3) seeks to protect citizens against. The State involvement need not be direct or exclusive or be called "State Action", but

there is involvement and infringement for Section 1985(3) violation. There also is broad discretion and enforcement power under Title 42 U.S.C. Statute 1985(3) so that conduct which would not otherwise be unlawful in order to secure the guarantee of Civil Rights as the Fourteenth Amendment, such conduct can be prohibited. As long as the State is involved somehow with Civil Rights such as the Fourteenth Amendment that is being denied the Plaintiff and other Native Hawaiians in this case, Title 42 U.S.C. Statute 1985(3) can be applied to protect them from deprivation of Civil Rights by private entities such as Na'i Aupuni/ Defendants as explified by cases on point of United States v. Guest and Dombrowski v. Dowling.

7. Four, by denying the Civil Rights of the Plaintiff and other Native Hawaiians, who are Beneficiaries of the Native Hawaiian Trust Fund established by the U.S. Congress in the Hawaii Admission Act of 1959, the Defendants, who are using 2.5 million dollars of the Trust Fund given by the Office of Hawaiian Affairs, are in Breach of Trust and are being allowed to do so by the Office of

Hawaiian Affairs. Being a Beneficiary of the Trust Fund, a former official in the Interim Government of The Kingdom of Hawaii to advance a Governing Entity and self-determination for Native Hawaiians as seen in Exhibit B of the Plaintiff's original Complaint, and serving as a Member of the Neighborhood Board, District 10, the General Community and Native Hawaiians in the Papakolea Hawaiian Homestead of Lower Punchbowl, through sacrifice and hardships, even financial, the Plaintiff has advanced Public Service to meet cultural, social, economic, educational, health, development, and legal needs and interests of Native Hawaiians and our General People or Community. Such action has been basically to advance Public and Humanitarian Service and not for financial or wealth benefits. Inasmuch as his status is that of Pro Se with very limited resources and means to face the Defendant's legal team of David J. Minkin, McCorriston, Miller, Mukai, Mackinnon, Troy J.H. Andrade, Jessica M. Wan, Sullivan Meheula Lee, and William Meheula, with Ke Akua's Helping Hand, the Plaintiff is able to advance his Public Service.

8. Five, upon request to be a Delegate Candidate to the Constitutional Convention, the Plaintiff was told by a representative

of Na'i Aupuni that he would not be permitted to do so with details previously described. Consequently, the Plaintiff and other like Native Hawaiians suffer irreparable harm in the absence of of relief because the Constitutional Rights strike at the heart of of representative government. Former Justice Thurgood Marshall of the Supreme Court of the United States said that deprivation of Constitutional Rights, even for a brief period of time amounts to Irreparable Injury. Such Injury is exemplified by the case on point of Elrod. 427 U.S. at 373. Additionally, the Ninth Circuit has said "an alleged Constitutional Violation will often constitute irreparable harm." (see Klein v. City of San Clemente, 584. F. 3d 1196, 1207-08 (9th Cir. 2009). Likewise, inasmuch as the Plaintiff has dedicated much time, effort, and resources in advancing a Governing Entity and Self-Determination beyond what most would do, exclusion from the current process to do so and denial of Constitutional Rights to do so, would constitute irreparable injury also especially inasmuch as the resulting governing entity determined by the Delegates will be a permanent outcome and can be an irreparable injury and loss with the Plaintiff and other Native Hawaiians having no say with such a permanent

injury and loss.

8. Six, presently, due to the Civil Rights Violations of Na'i Aupuni / Defendants, the Plaintiff presents before the Honorable United States Federal Court the following Remedies:

   (1) For such Violations, that the registration and current voting for Delegate Candidates be invalidated and new registration and voting for Delegate Candidates be used. Na'i Apuni recently extended Voting for another three weeks without detriment to its process.

                   Or

   (2) To provide Equity and Justice, the United States Federal Court Appoint the Plaintiff to be a Delegate Candidate.

Thus, the Plaintiff presents his Remedy, not to terminate the Election and Constitutional Convention, but rather to increase participation in a meaningful and important way and to protect, preserve, and exercise Constitutional Rights.

10. Seven, the Native Hawaiian Election/ Constitutional Conventiontion has been blocked by a Temporary Injunction on Friday

November 27, 2015 by Justice Anthony Kennedy of the Supreme Court of the United States in regards to the case Akina v. Hawaii et al, No. 15A551. The U.S Supreme Court subsequently ruled the Native Hawaiian Constitutional Convention involved State Action, Constitutional Rights, and Federal in-involvement. Accordingly, such a ruling impacts the previous ruling made by the United States District Court of the District of Hawaii on the Plaintiff's present case. Accordingly, the Plaintiff asks the Honorable Federal Court to rule in favor of the Plaintiff and subsequent or such Remedy.

3.                          CONCLUSION

1. Therefore, with the Grace of Ke Akua, the Plaintiff, C. Kaui Jochanan Amsterdam, respectfully comes before the Honorable United States Federal Court for the District of Hawaii with an Amended Complaint and prays that the Honorable Federal Court Rule in favor of the Plaintiff and grant such other Relief as the Court finds just and applicable.

Such a favorable Ruling also is in consideration of the Defendant's Violation of the Plaintiff's Constitutional Rights through violation of Title 42 U.S.C. Statute 1985(3), cases on point, the recent Ruling of the U.S. Supreme

Court in the case of Akina v. Hawaii et al, No. 15A551, and details of the Election process by Na'i Aupuni/ Defendants with Na'i Apuni even recently extending voting for another three weeks without detriment to its process.

The Plaintiff expresses appreciation to the Honorable Federal Court for its consideration and expresses gratitude for Ke Akua's Blessed Helping Hand.

DATED:   Honolulu, Hawaii, December 8, 2015

*C. Kaui Jochanan Amsterdam*
C. Kaui Jochanan Amsterdam
PLAINTIFF
PRO SE