IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM,<br><br>           Plaintiff,<br><br>     vs.<br><br>NAI AUPUNI, ET AL.,<br><br>           Defendants.<br>_____ | CIVIL NO. 15-00447 JMS-BMK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY HEARING/RULING, DOC. NO. 27 |

## ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY HEARING/RULING, DOC. NO. 27

### I. INTRODUCTION

Before the court is pro se Plaintiff C. Kaui Jochanan Amsterdam's ("Plaintiff") Motion for Emergency Hearing/Ruling filed on February 2, 2016, Doc. No. 27, which the court construes as a Motion for Temporary Restraining Order ("Motion for TRO"). Plaintiff, who alleges he is of Hawaiian descent, seeks an order that he be admitted as a delegate to an ongoing convention ("the Convention") of Native Hawaiians organized and conducted by Defendant Nai Aupuni. The court held a hearing on the Motion for TRO on February 4, 2016. For the reasons set forth, the Motion for TRO is DENIED.

## II.  BACKGROUND

Much of the background for this action is set forth in *Akina v. Hawaii*, ___ F. Supp. 3d ___, 2015 WL 6560634 (D. Haw. Oct. 29, 2015), which describes the Convention that began on February 1, 2016.  In this related action, Plaintiff alleges that he sought to register as a candidate to be a delegate for the Convention in October 2015 -- at a time when an election for delegates was planned -- but his candidacy was refused.  The election was cancelled in December 2015, with all registered delegate candidates being offered seats at the Convention.  On or about January 14, 2016, Plaintiff asked Nai Aupuni to be seated as a delegate, but his request was refused on January 28, 2016.  Doc. No. 31-1, Andrade Decl. ¶¶ 6, 9.

Although the Amended Complaint and Motion for TRO do not make clear why Plaintiff was denied candidacy as a delegate, Plaintiff does *not* allege that it was because of his Hawaiian race or ancestry.  Defendants assert (and Plaintiff acknowledged at the hearing on this matter) that he sought to be a delegate after the registration deadline had passed.  Doc. No. 31, Defs.' Response at 7.  Plaintiff apparently contends that the registration process was flawed.  *See* Doc. No. 28, Pl.'s Mem. at 3-4.  He implied at the hearing that he was not given proper notice of how to register as a delegate candidate, and, in any event, argues

that Nai Aupuni could have changed its deadlines.

Plaintiff brings a cause of action under 42 U.S.C. § 1985(3), claiming a conspiracy to violate constitutional rights. He alleges a denial of equal protection under the Fourteenth Amendment, a right of free speech under the First Amendment, a right of due process under the Fifth Amendment, and a right to vote under the Fifteenth Amendment. *Id.* at 4.

### III. STANDARD OF REVIEW

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g.*, *Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction is an extraordinary and drastic remedy never awarded as of right. *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (citations omitted). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasizes that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

"There is one additional factor [a court] must weigh. In cases . . . in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994) (citation omitted). "A mandatory injunction 'goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored.'" *Id.* at 1320.

### IV.  DISCUSSION

Plaintiff fails to meet the standard necessary to obtain a TRO. The court begins with its conclusions in *Akina* that Nai Aupuni is not a state actor and

the now-ongoing Convention is entirely a private affair. The Convention does not involve state action. *Akina*, 2015 WL 6560634, at *16-17. Also relevant -- regardless of state action -- is Nai Aupuni's own First Amendment right of free association in applying the *Winter* standard. *Id.* at *18. *Akina* explains in great detail the reasons for its conclusions, and the court will not revisit those conclusions here. Therefore, there can be no relevant constitutional violations with conducting the Convention itself.

Unlike *Akina*, however, Plaintiff's suit is not brought specifically under 42 U.S.C. § 1983 -- he seeks relief for an unlawful conspiracy under § 1985(3). Doc. No. 21, Am. Compl. at 2; Doc. No. 28, Pl.'s Mem. at 4. And it is true, as Plaintiff contends, that § 1985(3) by itself does not require state action. That is, § 1985(3) can reach conspiracies under color of law *or* conspiracies involving purely private conduct (*i.e.*, the conspirators need not be state actors). *See Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). "[T]here is nothing 'inherent' in the language used in § 1985(3) 'that requires the action working the deprivation to come from the State.'" *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 832 (1983) (quoting *Griffin*, 403 U.S. at 97).

In relevant part, § 1985(3) prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the

laws.[1]  "To bring a cause of action successfully under § 1985(3), a plaintiff must . . . demonstrate a deprivation of [a] right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffin*, 403 U.S. at 102).  But "§ 1985(3) does not itself create any substantive rights; rather, it serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).  And where, as is alleged by Plaintiff here, "the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights *constitutionally protected against private impairment*."  *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274

---

[1] Section 1985(3) provides in part:

> If two or more persons in any State or Territory conspire . . ., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(1993)) (emphasis added).

There can be no such § 1985(3) conspiracy here.  Initially, Plaintiff fails to allege that he is the victim of "racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Griffin*, 403 U.S. at 102.  He does not, for example, allege he is being deprived of a seat at the Convention because of his Hawaiian ancestry.  Rather, he was apparently denied registration as a delegate candidate because he missed a deadline.

More importantly, Nai Aupuni cannot be conspiring with others to deprive Plaintiff of a Fourteenth Amendment right -- there is no underlying state action as necessary to constitute a right of equal protection.  That is, it is not "a right constitutionally protected against private impairment."  *Bray*, 506 U.S. at 274.  Likewise, a § 1985(3) claim based on the First Amendment fails.  *See Scott*, 463 U.S. at 830 ("[W]e conclude that an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) *unless* it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state.") (emphasis added).  Similarly, a due process claim fails.  *See, e.g.*, *Yellen v. Hara*, 2015 WL 8664200, at *9 (D. Haw. Dec. 10, 2015) ("[T]he Complaint alleges a conspiracy to deprive Plaintiffs of due process, which does not fall within § 1985.") (citing cases).  Indeed, "[t]he only rights the Supreme

7

Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude." *Jimenez*, 596 F.3d at 1312 (citing *Bray*, 506 U.S. at 278).

And because Plaintiff has not demonstrated that he is likely to succeed, he necessarily cannot obtain a TRO -- *Winter* requires all four elements. "Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three *Winter* elements." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citations and internal editorial marks omitted).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Emergency Hearing/Ruling, Doc. No. 27, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Amsterdam v. Nai Aupuni et al.*, Civ. No. 15-00447 JMS-BMK, Order Denying Plaintiff's Motion for Emergency Hearing/Ruling, Doc. No. 27