IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM, <br><br> Plaintiff, <br><br> vs. <br><br> NAI AUPUNI, ET AL., <br><br> Defendants. | ) CIVIL NO. 15-00447 JMS-BMK <br> ) <br> ) ORDER DENYING PLAINTIFF'S <br> ) MOTION FOR RECONSIDERATION, <br> ) DOC. NO. 34 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DOC. NO. 34

On February 23, 2016, Plaintiff C. Kaui Jochanan Amsterdam ("Plaintiff") filed a Motion for Reconsideration, Doc. No. 34, regarding the court's February 5, 2016 Order Denying Plaintiff's Motion for Emergency Hearing/Ruling ("February 5, 2016 Order").  The February 5, 2016 Order denied Plaintiff's Motion for Temporary Restraining Order seeking to require Defendant Nai Aupuni to admit Plaintiff as a delegate to an ongoing convention of Native Hawaiians.  Doc. No. 33.  Besides reconsideration of the February 5, 2016 Order, however, Plaintiff's Motion for Reconsideration seeks *additional* relief -- he apparently seeks an order allowing him to be a delegate *or* to allow him to give a presentation at the convention (which he describes as a "short 10 to 15 minute

'Governing Entity' presentation"). Doc. No. 34-1, Pl.'s Mem. at 2.

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." LR 60.1.

Initially, it is unclear whether the Motion for Reconsideration should more properly be considered as a new Motion for Temporary Restraining Order. Consistent with a Motion for Reconsideration, Plaintiff appears to be attempting to raise a manifest error of law or fact by contending that Nai Aupuni's actions were discriminatory because he is "a Native Hawaiian or Kanaka Maoli and a Jew, a Hawaiian Jew." Doc. No. 34-1, Pl.'s Mem. at 2; *see also id.* at 4 ("Nai Aupuni's action is purely unfair and racist against the Plaintiff being a Hawaiian . . . and his being a Jew and non-Hawaiian."). But Plaintiff also challenges an act -- Nai Aupuni's denial of Plaintiff's request to forward his letter asking to give a presentation to convention officials -- that occurred on February 12, 2016. This is a different request for relief based on actions occurring *after* the court's February 5, 2016 Order.

Regardless, whether construed as a Motion for Reconsideration or as a new request for relief, Plaintiff's Motion fails. Even if Plaintiff is raising a claim

2

of conspiracy involving invidious discrimination based on his race, ethnicity, or religion as a Hawaiian Jew -- a claim that has not been pled in the operative Complaint -- it remains (as analyzed in the February 5, 2016 Order and in the court's October 29, 2015 Order in *Akina v. Hawaii*, ___ F. Supp. 3d ___, 2015 WL 6560634 (D. Haw. Oct. 29, 2015)) that Nai Aupuni is a private actor, and that the ongoing convention is private.  It also remains true for purposes of Plaintiff's private-conspiracy claims brought under 42 U.S.C. § 1985(3) that Plaintiff must demonstrate the existence of a private conspiracy "aimed at rights constitutionally protected *against private impairment*."  *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993)) (emphasis added).  Plaintiff has not done so.  Rights under the First, Fifth, or Fourteenth Amendments (due process or equal protection) have not been expressly declared to be enforceable against *private* impairment. *Jimenez*, 596 F.3d at 1312.[1]

---

[1] *See, e.g.*, *Bray*, 506 U.S. at 274 ("There are few such rights (we have hitherto recognized only the Thirteenth Amendment right to be free from involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel)") (citations omitted); *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 830 (1983) ("[W]e conclude that an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) *unless* it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state.") (emphasis added); *Yellen v. Hara*, 2015 WL 8664200, at *9 (D. Haw. Dec. 10, 2015) ("[T]he Complaint alleges a conspiracy to deprive Plaintiffs of due process, which does not fall within § 1985.") (citing cases).

For these reasons, Plaintiff fails to meet the standard necessary for a Motion for Reconsideration.  Likewise, Plaintiff fails to demonstrate any likelihood of success on the merits, and thus he fails to meet the standard necessary to obtaining a temporary restraining order.  *See, e.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

Plaintiff's Motion for Reconsideration is DENIED.  Accordingly, Plaintiff's corresponding Motion for Emergency Hearing/Ruling, Doc. No. 34-4, is DENIED as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 24, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Amsterdam v. Nai Aupuni et al.*, Civ. No. 15-00447 JMS-BMK, Order Denying Plaintiff's Motion for Reconsideration. Doc. No. 34